**BEFORE THE UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: GOODRX AND PHARMACY BENEFIT MANAGER ANTITRUST LITIGATION II | MDL No. |

**PLAINTIFF GREY DOG IV d/b/a ETHOS WELLNESS PHARMACY'S**
**MEMORANDUM IN SUPPORT OF**
**<u>CENTRALIZATION AND TRANSFER TO THE DISTRICT OF RHODE ISLAND</u>**

In accordance with Rule 7.1.(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation (the "Panel"), Grey Dog IV d/b/a Ethos Wellness Pharmacy, the named plaintiff in the action entitled *Grey Dog IV d/b/a Ethos Wellness/Pharmacy v. GoodRx, Inc., et al.*, Case No. 2:23-cv-9858 (C.D. Cal.) ("Plaintiff" or "*Grey Dog*") submits this Memorandum in Support of Centralization and Transfer to the District of Rhode Island and, specifically, with assignment to the Honorable Mary S. McElroy.

**I.       INTRODUCTION**

To date, fourteen antitrust class actions (the "Related Actions") have been filed in four federal district courts (the District of Rhode Island, the District of Connecticut, the Eastern District of New York and the Central District of California) against GoodRx, Inc. ("GoodRx") as well as several pharmacy benefit managers (the "PBMs"), including CVS Caremark Corporation ("CVS Caremark"), Express Scripts, Inc. ("Express Scripts"), MedImpact Healthcare Systems, Inc. ("MedImpact") and Navitus Health Solutions, LLC ("Navitus").

The Related Actions, including *Grey Dog*, arise out of the single nucleus of operative fact: that GoodRx allegedly conspired with four major PBMs to suppress reimbursements to

independent pharmacies for dispensing generic prescription medications and/or increase the fees that independent pharmacies pay for filling those prescriptions.

For the reasons discussed herein, Plaintiff supports both centralization of the various Related Actions as well as transfer to the District of Rhode Island pursuant to 28 U.S.C. § 1407; alternatively, Plaintiff supports transfer to the District of Connecticut.

## II.     CENTRALIZATION IS NECESSARY FOR PRETRIAL PURPOSES

There are 14 Related Actions pending in 4 different judicial districts; there should be no disagreement that centralization is of paramount importance to the just and efficient progress of these antitrust actions.

*The Related Actions Involve Multiple Commons Questions of Fact and Law.* Where, as here, multiple actions pending in different judicial districts concern common questions of fact and law, such actions should be coordinated or consolidated in one district for pretrial proceedings under 28 U.S.C. §1407. The related actions involve common questions of fact, including:

- Whether Defendants conspired to fix, suppress, stabilize, or otherwise maintain artificially low prices in the market for reimbursements to the various plaintiffs, nationwide classes of independent pharmacies;
- Whether Defendants agreed to unreasonably restrain trade in violation of federal and state antitrust laws;
- The scope and duration of the alleged conspiracy;
- The relevant geographic and product market; and
- The amount of damages suffered by plaintiffs.

*Consolidation in a Single Judicial District Will Serve the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Related Actions.* Centralization under 28 U.S.C. §1407 is proper where it "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re Digital Advert. Antitrust Litig.*, 555

2

F. Supp. 3d 1372, 1375 (J.P.M.L. 2021) (centralization granted); *In re North Sea Brent Crude Oil Futures Litig.*, 978 F Supp. 2d 1384, 1385 (J.P.M.L. 2013) (centralization granted). Centralization is likewise appropriate where, as here, it:

> [E]liminate[s] duplicative discovery; prevent inconsistent pretrial rulings (especially with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary.
>
> *In re Aluminum Warehousing Antitrust Litig.*, 988 F. Supp. 2d 1362, 1363 (J.P.M.L. 2013).

Here, CVS Caremark, the largest PBM in the United States is headquartered in Woonsocket, Rhode Island and two of the PBMs' parent companies (*e.g.,* Express Scripts' parent, Cigna, is located in Bloomfield, Connecticut) are both located within an earshot of Providence, Rhode Island – representing over 50% of all of the prescriptions dispensed within the United States. Thus, centralization will serve the goal of convenience of the parties and witnesses. Indeed, "[a]ntitrust actions present a category of actions that the Panel almost inevitably orders transferred if there are multiple actions pending in different districts." MDL Manual § 5:14. Here, centralization would have:

> [A] salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any [non-common issues] to proceed concurrently with pretrial proceedings on [common issues]; and ii) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

*In re Canon U.S.A., Inc., Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1371 (J.P.M.L. 2006).

### III.   TRANSFER IS APPROPRIATE

The Related Actions involve an alleged conspiracy throughout the United States. The Panel should therefore select a district for centralization that is "convenient and accessible for the parties and witnesses." *In re Kind LLC (All Nat.) Litig.*, 118 F. Supp. 3d 1380, 1381 (J.P.M.L.

2015); *In re Standard & Poor's Rating Agency Litig.*, 949 F. Supp. 2d 1360, 1362 (J.P.M.L. 2013) (transferring cases to a District where it "provides a convenient and accessible forum").

*The Related Actions Should Be Centralized in the District of Rhode Island.* The District of Rhode Island, located in Providence, Rhode Island, is centrally located on the East Coast of the United States and is readily accessible because it is within an hour drive of numerous major international airports, including Warwick's Rhode Island T.F. Green International Airport (15-20 minutes) as well as Boston's Logan Airport (1 hour). Defendant CVS Caremark, the largest PBM in the United States, is headquartered in Rhode Island and, accordingly, will be one of the core parties in this action, with important witnesses and relevant documents located in Rhode Island. Furthermore, Providence has a significant number of hotels and other lodging options for the litigants and witnesses to utilize, including dozens of hotels in Providence alone. Thus, the District of Rhode Island is convenient for the litigants and witnesses.

Accordingly, the District of Rhode Island is a perfect venue to oversee this litigation: having previously overseen a major antitrust multidistrict litigation (*In re Loestrin 23 Fe Antitrust Litigation*) to its conclusion. Furthermore, the District of Rhode Island has no current multidistrict litigations; this makes the District of Rhode Island capable of handling a major antitrust action such as this.

Intuitively, it may seem like the Central District of California is a proper venue for this litigation because GoodRx is headquartered there, but it would make much more sense, and promote efficiency and convenience, to keep this location closer to where much of the PBMs' documents and data and witnesses are located.[1] While GoodRx supplied the algorithm that

---

[1] Indeed, two cases arising out of the same alleged conspiracy were initially filed in Rhode Island for the same reasons as stated herein; further, those cases petitioned the JPML to have the cases centralized and transferred to Rhode Island as well, though that petition was withdrawn.

4

underlies the allegations in the Related Actions, the most pertinent data will be related to the PBMs and their individual treatment of reimbursement rates to independent pharmacies for generic pharmaceutical medications.

The Related Actions should be transferred to the Honorable Mary S. McElroy, a highly respected jurist who was appointed to the bench by both Presidents Barack Obama and Donald J. Trump. Judge McElroy was assigned to preside over the now withdrawn action brought by Old Baltimore Pike Apothecary, Inc., t/a Southern Chester County Pharmacy and Smith's Pharmacy II, Inc., d/b/a Smith's Pharmacy. While she has not yet overseen a multidistrict litigation, she has pertinent experience presiding over complex antitrust litigations, including a current antitrust action against American Express with thousands of independent businesses each seeking justice for antitrust violations. *See, e.g., 5-Star General Store, et al. v. American Express Company, et al.*, Case No. 1:24-cv-00106 (D.R.I. 2024).

*Alternatively, the Related Actions Should Be Centralized in District of Connecticut.* In the alternative to the District of Rhode Island, Plaintiff respectfully requests consolidation and transfer to the District of Connecticut because the District of Connecticut is a secondary ideal venue for this litigation because one of the major PBMs' (Express Scripts) parent companies, Cigna, is headquartered in Bloomfield, Connecticut – meaning much of the relevant witnesses and data are located in Connecticut. The District of Connecticut courthouses range from 75 to 135 miles from CVS Caremark's headquarters and is approximately 100 miles from the District of Rhode Island's courthouse. Furthermore, Connecticut is centrally located, served by Tweed New Haven Airport, as well as accessible via New York City's three major airports, John F. Kennedy International Airport, LaGuardia Airport and Newark-Liberty Airport.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff hereby respectfully requests that the Panel transfer the Related Actions and centralize *In re GoodRx and Pharmacy Benefit Manager Antitrust Litigation II* in the District of Rhode Island before Judge Mary S. McElroy.

DATED: January 13, 2025

Respectfully Submitted,

*/s/ James L. Ferraro*

James L. Ferraro
   THE FERRARO LAW FIRM, P.A.
600 Brickell Avenue, Suite 3800
Miami, Florida 33131
Tel.: (305) 375-0111
Email: *jferraro@ferrarolaw.com*

Blake Hunter Yagman
Jeffrey K. Brown
   LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel.: (516) 873-9550
Email: *byagman@leedsbrownlaw.com*
      *jbrown@leedsbrownlaw.com*

Jason P. Sultzer
Scott E. Silberfein
   SULTZER & LIPARI, PLLC
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12061
Tel.: (845) 483-7100
Email: *sultzerj@thesultzerlawgroup.com*
      *silberfeins@thesultzerlawgroup.com*

Ryan J. Clarkson
Yana Hart
Mark I. Richards
   CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, California 90265
Tel.: (213) 788-4050
Email: *rclarkson@clarksonlawfirm.com*
      *yhart@clarksonlawfirm.com*

*mrichards@clarksonlawfirm.com*

7