**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: GOODRX AND PHARMACY BENEFIT MANAGER ANTITRUST LITIGATION (NO. II) | MDL No. 3148 |

**INTERESTED PARTY RESPONSE OF THE NATIONAL COMMUNITY PHARMACISTS ASSOCIATION ("NCPA") IN SUPPORT OF TRANSFER TO <u>THE CENTRAL DISTRICT OF CALIFORNIA</u>**

Plaintiff National Community Pharmacists Association ("NCPA") is a nonprofit organization based in Alexandria, Virginia, whose mission is to protect and promote the interests of independent pharmacists. NCPA represents some 18,900 member pharmacies across the United States, many of which have been harmed by the price-fixing conspiracy alleged in the Related Actions. NPCA has filed a proposed class action on behalf of itself, its member pharmacies, and all others similarly situated, seeking injunctive and declaratory relief. NCPA respectfully submits this Interested Party Response in support of centralization and transfer of the Related Actions to the Central District of California, the logical and most convenient forum for the proposed MDL.

## ARGUMENT

The parties agree that centralization is necessary. The only dispute is over which district should host the MDL. Defendants concur with the California Respondents that the Central District of California is "more appropriate" than and "far superior" to both outlier forums proposed by Movant Grey Dog. *See* ECF No. 66 ("Defs.' Br.") at 2, 4. And like the California Respondents, Defendants recognize that GoodRx—the "only common defendant named in all of the Related Actions"—is headquartered in Santa Monica, California, so key witnesses are certain to be located there. *Id.* at 4, 13-14. Defendants note that the Central District of California is where the first Related Action was filed, and where a majority (11 of 17) of the actions are currently pending. *Id.* at 14. Moreover, Defendants characterize the Central District of California as a well-resourced, easily accessible court in a major urban hub, with at least five experienced jurists qualified to preside over the MDL. *Id.* at 15 & n.20. This includes, in Defendants' view, Judge Sherilyn Peace Garnett, *id.* at 15-16, who is already presiding over seven of the eleven pending California actions,[1]

---

[1] In addition to the ten cases listed in the California Respondents' Brief, one additional case has recently been filed in the Central District of California and assigned to Judge Otis D. Wright. *See C&M Pharmacy Inc. v. GoodRx, Inc. et al.*, No. 2:25-cv-01099-ODW-DFM (C.D. Cal. Feb. 7, 2025), ECF No. 6.

*see* ECF No. 65 at 6 & n.7, and who is scheduled to hear a motion to consolidate on February 26, 2025. *See Keaveny Drug, Inc. v. GoodRx, Inc*., No. 2:24-cv-09379-SPG-SK, ECF No. 44.[2] In other words, Defendants all but concede that the traditional factors considered by the Panel weigh in favor of transfer to the Central District of California.

Nevertheless, Defendants advocate in the alternative for another transferee forum: the Eastern District of Missouri. *See* Defs.' Br. at 8-13. Defendants' primary argument for this proposed forum is that one of the four currently named PBM Defendants, Express Scripts, has executed "pharmacy provider agreements" with "[a]ll of the named-plaintiff pharmacies," specifying that these actions be tried in the Eastern District of Missouri. *Id.* at 8. According to Defendants, this means Plaintiffs "have already agreed they would not be inconvenienced by litigating their claims in the Eastern District of Missouri." *Id.* at 3.

Defendants' arguments in favor of the Eastern District of Missouri are meritless. As an initial matter, "forum selection clauses [are] irrelevant to [the Panel's] transfer decisions under Section 1407." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 734 F. Supp. 3d 934, 957 (N.D. Cal. 2024). Defendants acknowledge as much in a footnote but press the argument anyway. *See* Defs.' Br. at 3, n.3. Section 1407 authorizes transfer to "**any district** for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407 (emphasis added). And as the Panel has explained on numerous occasions, "[c]ontractual forum selection clauses do not limit the Panel's authority with respect to the selection of a transferee district or . . . to transfer tag-along actions to an existing MDL." *In re Park West Galleries, Inc., Mktg. & Sales Pracs. Litig.*, 655 F. Supp. 2d 1378, 1379 (J.P.M.L. 2009) (original alterations omitted) (citing *In re Med. Resources Sec. Litig.*,

---

[2] That motion is supported by all but one of the California plaintiffs (Grey Dog) and is not opposed by any Defendants. ECF No. 65 at 6.

2

1998 U.S. Dist. LEXIS 15832, at *3 (J.P.M.L. Oct. 7, 1998)); *accord In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373, 1376, n.3 (J.P.M.L. 2017) ("[F]orum selection clauses do not limit the Panel's authority under Section 1407."). The Panel has also noted that "because Section 1407 transfer is for pretrial purposes only," a party like Express Scripts is free to "seek[] enforcement of [] forum selection clauses for purposes of trial." *Park West Galleries*, 655 F. Supp. 2d at 1379 (rejecting argument for a proposed transferee forum based on contractual forum-selection clause). As in *Park West Galleries*, Express Scripts' purported forum-selection clauses should play no role in the Panel's selection of a transferee court for pre-trial proceedings here. *See id.*

Nor would any forum-selection clauses signal "agree[ment]" by pharmacies that the Eastern District of Missouri "would be a convenient forum in which to litigate this dispute," as Defendants claim. Defs.' Br. at 8-9. Such forum selection clauses, to the extent they even exist (which Plaintiffs do not concede), have nothing to do with the convenience—particularly not in the context of a potential multi-defendant MDL. To the contrary, Express Scripts insists on including such provisions in its agreements with pharmacies precisely because it is *not* convenient for pharmacies (regardless of their location) to litigate in the Eastern District of Missouri. As Plaintiffs allege in their complaints (and as NCPA can attest to), PBMs like Express Scripts have tremendous buying power over pharmacies, which they wield to impose onerous contract terms on them—including litigation-deterring provisions like forum-selection clauses. *See NCPA v. GoodRx, Inc., et al.*, No. 2:25-cv-00585 (C.D. Cal.), ECF No. 1 ¶ 56.

It bears noting that Defendants have not previously mentioned—much less produced—Express Scripts' purported forum-selection clause to Plaintiffs' counsel. The Panel should not select a transferee court based on contractual provisions that neither it nor the parties have seen. Moreover, as Defendants concede, associational plaintiffs like NCPA (as well as Minnesota

Independent Pharmacies and the Philadelphia Association of Retail Druggists) have signed no contracts with any PBM Defendants. *See* Defs.' Br. at 3. As such, their claims are not subject to any contractual venue provisions and can be tried in any district, including in the Central District of California. NCPA's claims—and those of the other organizations that have filed suit to enjoin the alleged price-fixing conspiracy for the benefit of their member pharmacies—should not be transferred to an illogical, inconvenient forum on the basis of irrelevant forum-selection clauses in agreements they have not signed.

Realizing the weakness of their forum-selection clause argument, Defendants argue half-heartedly for the general convenience and accessibility of the Eastern District of Missouri. *See* Defs.' Br. at 8-11. But virtually none of the traditional factors—like party preference, location of the parties, location of the first-filed and other pending actions, and court resources or accessibility—weigh in favor of transfer there. Indeed, only one of the four currently named PBM Defendants is headquartered in Missouri, and not a single Plaintiff resides there. Nor have any of the Related Actions been filed in Missouri. And while the district is "situated in the middle of the country," that does not make it more convenient or accessible than the Central District of California for parties and lawyers who will need to travel across the country for court proceedings. The Central District of California is served by the Los Angeles International Airport, the second-busiest airport in the United States,[3] with direct flights to 192 destinations including cities in all 50 states.[4] By contrast, St. Louis's Lambert International Airport is the nation's 34th-busiest airport,[5] serving only 74 destinations with direct flights.[6] In fact, there are only one to two direct flights per day

---

[3] *See* https://www.faa.gov/airports/planning_capacity/passenger_allcargo_stats/passenger.

[4] *See* https://www.directflights.com/LAX.

[5] *See* https://www.faa.gov/airports/planning_capacity/passenger_allcargo_stats/passenger.

[6] *See* https://www.directflights.com/direct-flight-routes-us-airports.

between Saint Louis and Los Angeles, where GoodRx employees and executives are located.[7] Los Angeles is also a significantly larger city, with more hotels and other amenities than St. Louis.

Defendants note a lack of docket congestion in the Eastern District of Missouri. Defs.' Br. at 10 & n.10. But the Eastern District's lower caseload per capita likely reflects a lower volume of complex commercial and multidistrict litigation brought in that district, making it less suitable as a transferee forum than the Central District of California, not more. Tellingly, Defendants identify five jurists in the Central District of California they believe have the capacity or expertise to be suitable transferee judges, but they do not recommend a single judge in the Eastern District of Missouri. *See* Defs.' Br. at 15 & n.20. And both of the Eastern District of Missouri MDLs cited by Defendants had far closer ties to the district. *See In re Ashley Madison Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015) (Eastern District of Missouri was where first-filed action was pending and had the support of both plaintiffs and defendants); *see also In re Dicamba Herbicides Litig.*, 289 F. Supp. 3d 1345, 1347 (J.P.M.L. 2018) (Eastern District of Missouri was home to primary defendant and was where the two earliest-filed actions were already pending). There is no comparable nexus between the Related Actions here and the Eastern District of Missouri, making it a far less suitable venue than the Central District of California, which the Defendants agree would be appropriate.

Finally, selecting a transferee court based on the location of a single PBM Defendant makes little sense here, as it remains to be seen which of the conspiring PBMs will ultimately be named as defendants in the forthcoming consolidated and amended class action complaint. Defendant Caremark, for example, now claims that it has signed enforceable arbitration and non-

---

[7] *See* https://www.directflights.com/LAX-STL. The only airline with regular daily flights between the two cities is Southwest Airlines, an unlikely choice for corporate executives used to business class. *Id.*

5

consolidation agreements with certain unnamed plaintiffs that preclude it from being included in any MDL. *See* Defs.' Br. at 2, 6.[8] Ultimately, deciding which PBMs to name as defendants will be a strategic call on the part of yet-to-be-appointed interim class counsel. However, it is a certainty that GoodRx will be named as a defendant. GoodRx's location in the Central District of California should therefore carry far more weight in the Panel's analysis than the location of any of the potential PBM Defendants.

## CONCLUSION

In light of the foregoing, the Related Actions should be transferred to the Central District of California and centralized before Judge Garnett.

Dated: February 19, 2025                    Respectfully submitted,

*/s/ Natasha Fernández-Silber*
Natasha Fernández-Silber*
Abby Lemert
**EDELSON PC**
350 N La Salle Dr., 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
nfernandezsilber@edelson.com
alemert@edelson.com
*Barred in New York and Michigan

Halley W. Josephs
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

---

[8] Once more, Defendants have not produced these purported agreements, nor provided a declaration detailing how and when such alleged contracts were formed. Even if any such agreements exist, Plaintiffs do not concede they are valid or enforceable. Plaintiffs reserve all rights to challenge any such agreements and to proceed with their class actions against the PBM Defendants in federal court. Nor would any purported arbitration or non-consolidation agreements have any bearing whatsoever on the Panel's forum-selection analysis, as Defendants wrongly assert in their brief. *Compare* Defs.' Br. at 7, *with In re Rye Select Broad Mkt. Prime Fund Sec. & ERISA Litig.*, 648 F. Supp. 2d 1385, 1387 (J.P.M.L. 2009) (granting transfer and consolidation, and noting that "[t]he transferee court is in best position to resolve" the parties' dispute over "whether arbitration is required").

6

Tel: (310) 789-3100
Fax: (310) 789-3150
hjosephs@susmangodfrey.com

Shawn Rabin
Gloria Park
Tom Boardman
Henry Walter
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, New York 10001
Tel: (212) 336-8330
Fax: (212) 336-8340
srabin@susmangodfrey.com
gpark@susmangodfrey.com
tboardman@susmangodfrey.com
hwalter@susmangodfrey.com

*Counsel for the National Community Pharmacists Association*