UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: GOODRX AND PHARMACY BENEFIT MANAGER ANTITRUST LITIGATION (No. II) | ) ) ) ) C.A. No. 1:25-md-03148-MSM-LDA |
| This Document Applies To: | ) ) MDL No. 3148 |
| ALL CASES | ) ) ) ) |

CASE MANAGEMENT ORDER NUMBER 2

Now that the parties have complied with the Court's directive at the June 23, 2025, Initial Conference to provide this Court with a proposed interim scheduling order (ECF No. 44), the Court issues the following Case Management Order.

### I.    Interim Co-Lead Counsel

Pursuant to Fed. R. Civ. P. 23(g), the Court designates the following firms to act as Interim Co-Lead Counsel to the Plaintiffs:

**Keller Rohrback**
David J. Ko
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
(206) 623-1900

**Lockridge Grindal Nauen PLLP**
Heidi M. Silton
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

1

Motley Rice LLC
Donald A. Migliori
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000

### A. Authority and Responsibilities of Interim Co-Lead Counsel

Plaintiffs' Interim Co-Lead Counsel, working together in a coordinated fashion, shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

(a) determine (after such consultation with other members of Plaintiffs' Executive Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

(b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

(d) delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;

(e) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(f) prepare and distribute periodic status reports to the parties and to the Court;

(g) maintain adequate time and disbursement records covering services as co-lead counsel;

(h) monitor the activities of cocounsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

(i) retaining experts;

(j) allocating fees, if any are awarded by the Court, among the various firms that worked on the case; and

(k) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

Counsel for plaintiffs who disagree with Interim Co-Lead Counsel (or those acting on their behalf) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of Interim Co-Lead Counsel.

## II.     Plaintiffs' Interim Executive Committee

To ensure that the views of counsel for plaintiffs are considered, the following are appointed to the Plaintiffs' Interim Executive Committee:

3

**Ahdoot & Wolfson, PC**
Tina Wolfson
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111

**Cohen Milstein Sellers & Toll PLLC**
Sharon K. Robertson
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797

**DiCello Levitt LLP**
Greg Asciolla
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000

**Edelson PC**
Natasha J. Fernández-Silber
350 North LaSalle Street, 14th Floor
Chicago, IL 60654 81
(312) 589-6370

**Girard Sharp LLP**
Scott Grzenczyk
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800

**Methvin, Terrell, Yancey, Stephens, & Miller, P.C.**
Robert G. Methvin, Jr.
2201 Arlington Avenue South
Birmingham, AL 35205
(205) 939-0199

**Pritzker Levine LLP**
Elizabeth C. Pritzker
1900 Powell Street, Suite 450
Emeryville, CA 94608
(415) 805-8532

4

**Susman Godfrey L.L.P.**
Shawn J. Rabin
One Manhattan West, 50th Floor
New York, NY 10001-8602
(212) 336-8330

In consultation with and at the direction of Interim Co-Lead Counsel for the Plaintiffs, the Plaintiffs' Interim Executive Committee shall advise Interim Co-Lead Counsel and participate in the prosecution of the litigation.

### III.   Plaintiffs' Liaison Counsel

The Court designates the following firm as Plaintiffs' Liaison Counsel:

**McIntyre Tate LLP**
Stephen M. Prignano
50 Park Row West, Suite 109
Providence, RI 02903

Plaintiffs' Liaison Counsel shall:

(a) maintain and distribute to co-counsel and to Defendants' counsel an up-to-date service list;

(b) receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

(c) maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository; and

(d) establish and maintain a document depository.

### IV.   Interim Order for Limited Discovery and Preliminary Schedule

1. Within seven (7) business days from the entry of this Order, Defendants GoodRX, Inc. and GoodRx Holdings, Inc. ("GoodRx") shall produce to

Plaintiff's Liaison Counsel the four (4) agreements governing its Integrated Savings Program (the "ISP Agreements") with Defendants (1) Express Scripts, Inc. ("ESI"); (2) MedImpact Healthcare Systems, Inc. ("MedImpact"); (3) Navitus Health Solutions, LLC ("Navitus"); and (4) CVS Health Corporation (as executed by Caremark PCS Health, LLC) ("CVS/Caremark") (together with ESI, MedImpact, and Navitus, "PBM Defendnats").  Each of the ISP Agreements shall be designated "Highly Confidential – Outside Counsel Eyes Only," and, unless otherwise provided herein, disclosure shall be restricted to outside counsel who are (i) Interim Co-Lead Counsel, (ii) Liaison Counsel, and (iii) members of the Plaintiff's Interim Executive Committee, including attorneys and staff from those law firms.  Unless otherwise ordered by the Court, the ISP Agreements shall not be disclosed to additional persons without the written consent of GoodRx and the counterparty to the particular ISP Agreement (ESI, MedImpact, Navitus, or CVS/Caremark).  Any party wishing to file any ISP Agreement, or any portion of any ISP Agreement, may only file such document under seal and in accordance with the following procedures: the filing party must file a motion to seal *ex parte* pursuant to the District of Rhode Island's L.R. Gen. 102(b)(4) and concurrently serve copies of that *ex parte* filing on all counsel of record entitled to access the disclosure as listed above.  For the avoidance of doubt, the filing under seal of any ISP Agreement, or any portion of any ISP Agreement, in accordance with this

Order may not and shall not result in the disclosure of the ISP Agreement to any person or entity not permitted to receive the ISP Agreement under the Order.

2. Within ten (10) business days from the entry of this Order, any Defendant who intends to move to compel arbitration shall produce to Interim Co-Lead Counsel and the Executive Committee its arbitration agreement(s) with any Plaintiff in the MDL (the "Arbitration Agreements"). Each of the Arbitration Agreements shall be designed "Highly Confidential – Outside Counsel Eyes Only" and, unless otherwise provided herein, disclosure shall be restricted to outside counsel who are (i) Interim Co-Lead Counsel, (ii) Liaison Counsel, and (iii) members of the Plaintiff's Interim Executive Committee, and (iv) attorneys who represent a client who is the counterparty to such Arbitration Agreement, including attorneys and staff from those law firms. Unless otherwise ordered by the Court, the Arbitration Agreements shall not be disclosed to additional persons unless agreed to in writing by the PBM Defendants that are party to those Arbitration Agreements or otherwise ordered by the Court. For the avoidance of doubt, the Arbitration Agreements may not be appended to any public filing with or public submission to the Court by any Plaintiff unless agreed to in writing by the producing Defendant or otherwise ordered by the Court.

3. A Party's compliance with this Order, including, but not limited to, production of documents as required pursuant to paragraphs IV.1 and IV.2 of this Order; compliance with any of the events so ordered by the Court and set out in paragraph IV.4 (below) of this Order; meeting, conferring, and reaching agreement on discovery-related orders as contemplated in the schedule and outlined in paragraph IV.4 of this Order; and engaging in conferences with the Court and submission of pre-conference status reports are not a waiver of any rights to arbitrate a claim.

4. The following deadlines are hereby ORDERED but, subject to the Court's approval, may be changed upon agreement by the Parties with the submission of a Proposed Order to the Court, or otherwise by moving the Court:

| Event | Deadline |
| --- | --- |
| Pre-Conference Submission<br>*Not to exceed five (5) pages in length per side and shall include a proposal regarding a timeline for discovery-related proposals and orders* | August 3, 2025 |
| Status Conference | August 4, 2025, at 11 a.m. EST |
| Consolidated Amended Complaint | August 18, 2025 |
| Rule 26(a) Initial Disclosures | September 2, 2025 |
| Rule 12 motion(s) including any motion(s) to compel arbitration | October 6, 2025 |
| Opposition(s) to Rule 12 motion(s) and any motion(s) to compel arbitration | November 20, 2025 |

8

| | |
|---|---|
| Replies in further support of Rule 12 motion(s) and nay motion(s) to compel arbitration | December 22, 2025 |

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
August 1, 2025